IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

RITA K. BATES,                    )
                                  )
          Plaintiff,              )
                                  )
v.                                )   Case No. CIV-10-325-FHS
                                  )
MICHAEL J. ASTRUE,                )
Commissioner of Social            )
Security Administration,          )
                                  )
          Defendant.              )

## REPORT AND RECOMMENDATION

Plaintiff Rita K. Bates (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason

of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on May 27, 1961 and was 45 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as an insurance claims payment clerk, newspaper advertisement clerk, retail

3

cashier/bookkeeper/manager, and a secretary for a freight company. Claimant alleges an inability to work beginning October 20, 1994 due to carpal tunnel syndrome.

**Procedural History**

On May 25, 1995, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On August 22, 1996, a hearing was held before ALJ Bruce Evans. By decision dated July 17, 1997, the ALJ found that Claimant was disabled during a closed period from October 20, 1994 through August 29, 1996. On September 17, 1999, the Appeals Council remanded the case for further consideration.

On January 26, 2000, a supplemental administrative hearing was conducted before ALJ Evans. By decision dated April 12, 2002, the ALJ again awarded benefits for the same closed period. On August 16, 2002, the Appeals Council again remanded the case.

On remand, an additional hearing was conducted on November 19, 2002 before ALJ Dean C. Metry. On April 21, 2003, the ALJ issued an unfavorable opinion. The opinion was unclear as to whether benefits were awarded for a closed period. As a result, the Appeals Council notified Claimant the case would be reopened on April 6, 2005. However, that decision was vacated and the case was again remanded

4

on January 11, 2006.

On August 23, 2006, a third supplemental hearing was conducted before ALJ Michael Kirkpatrick. On January 24, 2007, the ALJ issued an unfavorable decision. This Court reversed and remanded the case on April 8, 2009.

On March 31, 2010, the ALJ conducted a fourth supplemental hearing. On May 10, 2010, the ALJ issued an unfavorable decision. It does not appear that Claimant filed exceptions with the Appeals Council. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work as an insurance benefit clerk.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in: (1) failing to consider the impact of Claimant's mental impairment on her ability to perform her past relevant work by failing to include any mental limitations in his RFC or hypothetical questioning; and (2) failing

to give legitimate reasons for the rejection of the opinions of Claimant's treating physicians.

## Mental Limitations

The ALJ limited his discussion to the period from October of 1994 through December of 2000, finding that prior denial determinations were final and binding for the period from January 1, 2001 through June 30, 2004. (Tr. 619). In his decision, the ALJ determined Claimant suffered from the severe impairments of upper extremity disorders of the muscle, ligament, and fascia and obesity. (Tr. 622). He found Claimant retained the RFC to perform light work except that she was able to perform tasks requiring gross or fine manipulation with either and/or both upper extremities frequently but not constantly. He also stated that Claimant's obesity was considered in conjunction with her other impairments. (Tr. 624). The ALJ further found Claimant could return to her past relevant work as an insurance benefit clerk. (Tr. 633).

This Court previously set out Claimant's extensive medical history in the decision contained in the record and will not burden the record further with the regurgitation of this same information. (Tr. 639-43). The findings from the medical record are adopted in this Report and Recommendation as if fully set out herein. Since the remand of the case, Claimant was referred to Dr. Gordon B.

Strom, Jr. for a consultative examination. Dr. Strom also related Claimant's considerable medical history during the relevant period. (Tr. 769). In 1994, Claimant suffered a repetitive injury while working for the Cigna Corporation as a "benefits analysis person in bookkeeping." Id. Claimant was treated for carpal tunnel syndrome but did not return to work because of persistent pain, which Dr. Strom stated had progressed to pain involving essentially all of her tissues. (Tr. 770). He also states that Claimant described a history of severe depression, which is documented. Id.

Dr. Strom's impressions of Claimant's conditions were morbid obesity, limited coping skills, severe depression, hypertensive cardiovascular disease, valgus deformity of her left knee, otitis media on the left, limited education, multiparous patient, and peptic gastritis by history. Id.

Dr. Strom also completed a Medical Source Statement of Ability to Do Work-Related Activities (Physical) on March 9, 2010. Claimant was found not to be able to lift any weight, could occasionally carry up to 10 pounds, could stand and sit for 15 minutes at one time and walk 5-10 minutes at one time, sit a total of 2 hours in an 8 hour workday, stand for a total of one hour in an 8 hour workday, and walk for a total of one hour in an 8 hour workday. (Tr. 772). Claimant was assessed to be able to reach, handle, finger, feel, and

push/pull occasionally and operate foot controls occasionally. (Tr. 773). Claimant could never climb, balance, stoop, kneel, crouch, or crawl. (Tr. 774). She could never be exposed to unprotected heights, operate a motor vehicle, be exposed to extreme cold or heat or vibrations. (Tr. 775). Dr. Strom noted repeatedly in the report that Claimant was very limited due to pain.

Claimant contends the ALJ failed to perform the necessary analysis under Winfrey v. Chater, 92 F.3d 1017 (10th Cir. 1996) with regard to the effect of Claimant's depression upon her ability to perform her past relevant work at step four. On February 6, 1996, Claimant began seeing Dr. Kyle Babick for depression. He concluded Claimant suffered from moderate to severe depression. Her GAF at this time was rated at 55. (Tr. 165-74). By September of 1999, however, Dr. Babick found Claimant's depression, caused largely by her physical limitations, was in partial remission. Claimant had a GAF of 70 at this time. He found Claimant could not return to her past work as an insurance clerk because of her physical problems. (Tr. 314-15).

The ALJ recognized that Claimant had a medically determinable mental impairment of depression but concluded it caused no more than a minimal limitation on Claimant's ability to perform basic mental work activities and was, therefore, non-severe. (Tr. 622). Under

8

the <u>Winfrey</u> analysis at step four, the ALJ must assess three phases. In the first phase, the ALJ must first determine the claimant's RFC. <u>Winfrey</u>, 92 F.3d at 1023. Claimant contends the ALJ should have included a mental limitation in the RFC. The medical record supports the ALJ's finding that Claimant experienced more than a mild limitation based upon the records of Dr. Babick in the later portion of the relevant period and Claimant's testimony. Indeed, Dr. Babick seemed to encourage Claimant to engage in some work. This Court finds no error in the ALJ's failure to include a mental limitation in Claimant's RFC.

In the second phase, the ALJ must determine the demands of the claimant's past relevant work. <u>Id</u>. In making this determination, the ALJ may rely upon the testimony of the vocational expert. <u>Doyal v. Barnhart</u>, 331 F.3d 758, 761 (10th Cir. 2003). The ALJ is required to assess both the physical and mental demands of the past relevant work. <u>Frantz v. Astrue</u>, 509 F.3d 1299, 1303-04 (10th Cir. 2007). Necessarily, once the ALJ correctly determined that Claimant's mental impairment was nonsevere, meaning it "does not significantly limit [a claimant's] mental ability to do basic work activities" 20 C.F.R. § 404.1521(a), the obligation to make further findings on the mental demands of Claimant's past relevant work was limited. As indicated by regulation and prior case authority, the

9

mental demands of past relevant work must be obtained "as appropriate." Zaricor-Ritchie v. Astrue, 2011 WL 6243216, 7 (10th Cir.) citing Soc. Sec. R. 82-62. Since Claimant does not assert any error in the third Winfrey phase, this Court finds no error in the step four analysis.

### Treating Physicians' Opinions

Claimant contends the ALJ continues to ignore his obligation to ascertain the weight to be afforded the numerous treating physicians rendering opinions in this case. The ALJ has adequately explained the weight given to the opinion of Dr. Zehr and the reason for the rejection of the opinion, save for the examination findings which the ALJ gave "substantial weight." The same weight was given to the opinions of Drs. Osterman, Papaila, and Simpson. (Tr. 629). No reasoning is provided, however, as to why these treating physicians' opinions, or the opinions of treating physicians Dr. Seitz, Dr. Miller, and Dr. Morrison - all of whom found considerable restrictions upon Claimant due to her limitations on repetitive hand movements, should not be given controlling weight. Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). Moreover, while it is understandable now that it is explained that the records of Dr. Maxwell are no longer available, the ALJ does not explain why the opinion developed on remand of Dr. Strom was not even mentioned in

the ALJ's decision, despite findings which were consistent with the opinions of Claimant's treating physicians. The matter must be remanded once again for a re-evaluation of the opinions of the treating physicians as well as the opinion of Dr. Strom.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of March, 2012.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE